**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE:  Michael Gene Rogers<br>1734 Wild Mustang Canyon Lane<br>Katy, TX  77493<br><br>DEBTOR | CHAPTER 13<br><br>CASE NO. 25-36512-H1 |

**NOTICE OF HEARING REGARDING (1) CONFIRMATION OF PROPOSED CHAPTER 13 PLAN, (2) VALUATION OF COLLATERAL, (3) DISMISSAL OF CHAPTER 13 BANKRUPTCY CASE, (4) CONVERSION OF CHAPTER 13 CASE, AND (5) ENTRY OF OTHER ORDERS CONCERNING ADMINISTRATION OF CASE**

    The United States Bankruptcy Court will conduct a hearing on whether  (1) to confirm the debtor(s) proposed bankruptcy plan, (2) dismiss this case, (3) convert this case under chapter 7, and/or (4) to enter other orders concerning the administration of this case. The hearing will take place on January 20, 2026 at 11:00 am at U.S Bankruptcy Court, 515 Rusk, Room 404, 4th Floor, Houston, TX  77002-0000.

    Attached to this notice is a copy of the statistical cover sheet submitted by the debtor (s) with their proposed plan.  This cover sheet serves as a summary of the plan.  A complete copy of the proposed plan is available from clerk of the Court or the Debtor(s) Attorney.  The Court may consider the current plan or a modified plan at the confirmation hearing.

    If you object to confirmation of the plan, you must file your objection at least seven days before the confirmation hearing and serve a copy of the objection on the debtor, the debtor(s) counsel, the Chapter 13 Trustee, and parties requesting notice.

    If the plan is not confirmed, the Court may consider whether to dismiss this chapter 13 case due to unreasonable delay that is prejudicial to creditors.  The Court may also consider whether the case should be converted to a case under chapter 7 of the Bankruptcy Code.

    The Court may also consider whether to enter other orders that are appropriate for administration of this case.

Dated: 11/18/2025

/s/ David G. Peake
DAVID G. PEAKE, TRUSTEE
ADMISSIONS ID NO. 15679500
1 SUGAR CREEK CENTER BLVD, STE. 300
SUGAR LAND, TX  77478
(713)283-5400

Form No. 13-2
Effective July 15, 2025

## Exhibit A
## Plan Summary for Proposed Plan

### Disposable Income and Plan Payments

| (A) Projected Schedule "I" Income (From most recently filed Schedule I) | (B) Projected Schedule "J" Expenses (From most recently filed Schedule J) | (C) Projected Disposable Income (Column A minus Column B) | (D) Payment Amount to Trustee | (E) Beginning Month # [1] | (F) Ending Month# | (G) Total Monthly Trustee Payments [2] (Column D multiplied by number of months paid) |
|---|---|---|---|---|---|---|
| $15,047.42 | $10,341.59 | $4,705.83 | $4,700.00 | 1 | 4 | $18,800.00 |
| | | | $5,200.00 | 5 | 40 | $187,200.00 |
| | | | | | Grand Total | $206,000.00 |

### Projected Trustee Disbursements to Secured Creditors

| Name of Holder | Description of Collateral | Claim | Plan Int. Rate | Monthly Payment Amount | Starting Month # | Ending Month # | Total |
|---|---|---|---|---|---|---|---|
| Holder's Name: **PHH MORTGAGE SERVICE** Treated under Plan Section: **Sec 8A. - Claims in Default on Principal Residence, Secured by Security Agreement.** | S733104 REMINGTON TRAILS 4 BLK 1 LOT 4 ACRES 1.3717 1734 Wild Mustang Canyon Lane Katy, TX 77493 | $596,442.00 | | | | | |
| Check one: ❏ Surrendered ❏ Transferred ❏ Retained (paid direct) ☑ Retained (paid through Trustee) [3] ||||||||
| Cure Claim-3 | | $33,000.00 | 0.00% | Pro-Rata | 1 | 38 | $33,000.00 |
| Post-petition Claim | | | | | | | |
| Rule 3002.1(c) Claim | | | | | | | |
| Monthly Payment-6 | | | | $3,661.89 | 1 | 40 | $146,475.60 |
| Total Debt Claim | | | | | | | |

---

[1] This is the month in which the first payment is due for this amount. The Debtor(s) must commence payments not later than 30 days after the petition date.

[2] The total amount of monthly payment includes Savings Fund established under Paragraph 20 of this Plan and Reserves established under Paragraph 21 of this Plan.

[3] Amounts for Cure Claims, Monthly Payments, Total Debt Claims and Monthly Refinance Payments should be listed only if the box for "Retained (paid through Trustee)" is checked.

Effective July 15, 2025

**Form No. 13-2**
Effective July 15, 2025

| Name of Holder | Description of Collateral | Claim | Plan Int. Rate | Monthly Payment Amount | Starting Month # | Ending Month # | Total |
|---|---|---|---|---|---|---|---|
| Monthly Refinance Payment (¶ 8D) | ■ | | | | | | |
| Holder's Name: **ALLY FINANCIAL** Treated under Plan Section: Sec 9C. - Claims with No Default to be Paid Directly by Debtor. | 2015 Dodge Charger SE | $2,394.00 | ■ | ■ | ■ | ■ | ■ |
| Check one: ☐ Surrendered  ☐ Transferred  ☑ Retained (paid direct)  ☐ Retained (paid through Trustee) [3] |||||||| 
| Cure Claim | ■ | | | | | | |
| Post-petition Claim | | | | ■ | | | |
| Rule 3002.1(c) Claim | | | ■ | | | | |
| Monthly Payment | | | | | | | |
| Total Debt Claim | | | | | | | |
| Monthly Refinance Payment (¶ 8D) | ■ | | | | | | |
| | | | | **Total of Payments to Secured Creditors** | | | **$179,475.60** |

## Projected Trustee Disbursements to Priority Creditors

| Name of Holder | Nature of Priority (Taxes, Attorneys Fees, DSO, etc.) | Claim | Int. Rate | Monthly Payment Amount | Beg. Month # | End Month # | Total |
|---|---|---|---|---|---|---|---|
| Holder's Name: **Mills Law Group, PLLC** Treated under Plan Section: Sec 6. - Priority Claims (Other than Domestic Support Obligations) | Attorney Fees | $3,500.00 | 0.00% | $875.00 | 5 | 8 | $3,500.00 |
| | | | | **Total of Payments to Priority Creditors** | | | **$3,500.00** |

## Projected Savings Funds

| Monthly Payment Amount | Beginning Month # | End Month # | Total |
|---|---|---|---|
| $0.00 | 1 | 4 | $0.00 |
| $0.00 | 5 | 40 | $0.00 |
| | | **Total of Savings Fund** | **$0.00** |

Effective July 15, 2025

**Form No. 13-2**
Effective July 15, 2025

## Projected Trustee Reserve Funds

| | Reserve Fund Type [4]<br>(Ad Valorem Taxes, HOA) | Total |
|---|---|---|
| ███████████████ | **Total of Reserve Funds** | **$0.00** |

**Form No. 13-2**

Effective July 15, 2025

## SUMMARY

| 1 | Total Payments to Trustee | $206,000.00 |
|---|---|---|
| 2 | Less Posted Chapter 13 Trustee Fee [5] | $20,600.00 |
| 3 | Less Total Payments by Trustee to Secured Creditors | $179,475.60 |
| 4 | Less Total Payments by Trustee to Priority Creditors, Including Debtor(s)' Attorney (§§507(a)(1) – (a)(10)) | $3,500.00 |
| 5 | Less Total Savings Fund | $0.00 |
| 6 | Less Total Reserve Funds | $0.00 |
| 7 | Net Available for General Unsecured Creditors (Line 1 minus lines 2-6) | $2,424.40 |

## Best Interest of Creditors Test

| 8 | Total Non-Exempt Property | $30,279.62 |
|---|---|---|
| 9 | Compensation to Debtor's counsel paid under 11 U.S.C. §330(a)(1) | $0.00 |
| 10 | Direct payments by Debtor(s) under Paragraph 27 of the Plan in satisfaction of prepetition priority claims | $0.00 |
| 11 | Total Distributions to Priority and General Unsecured Creditors (line 4 plus line 7, plus line 10, minus line 9) | $5,924.40 |
| 12 | Excess satisfaction of best Interest of creditors test (line 11 minus line 8) | ($24,355.22) |
| 13 | Estimated Total General Unsecured Claims | $2,345.00 |
| 14 | Forecast % Dividend on General Unsecured Claims (Line 7 divided by line 13) | 100.00% |
| 15 | If the forecast in line 14 is 100%, check one:<br>☑ The 100% dividend is required by the Debtor(s)' Projected Disposable Income.<br>❑ The 100% dividend is required because the value of non-exempt property exceeds the amount of allowed unsecured claims.<br>❑ Based on Debtor(s) disposable income, the 100% dividend is merely an estimate. It is not required to be maintained at 100%. | |

---

[5] The Posted Chapter 13 Trustee Fee is based on the percentage listed on the Court's website.